IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JACOB COLBY SPRADLIN,**

    **Plaintiff,**

v.                                           Case No. 3:19-cv-00363

**SUPERINTENDENT JOSEPH WOOD
and OFFICER HENSLEY,**

    **Defendants**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to

correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges the following in his complaint:

1. That on April 27, 2019, he was incarcerated at the Western Regional Jail in Barboursville, West Virginia;

2. That same date, he observed another inmate being pushed and shoved by a correctional officer;

3. When he asked the officer for his name, the officer identified himself as Officer Hensley;

4. Officer Hensley then ordered Plaintiff on lockdown and pushed him into his cell;

5. Plaintiff suffered mental anguish due to the "excessive force."

(ECF No. 2 at 4-8). Plaintiff requests $250,000 in damages and asks that the defendants pay the filing fee. (*Id.* at 9). In response to a question contained in the form complaint about the steps Plaintiff has taken to exhaust administrative remedies, he indicates that he wrote a statement and filed a grievance, but the grievance remains undecided. (*Id.* at 3).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies prior to filing a complaint in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in

2

grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.") (citations and internal quotation marks omitted). The purpose of the exhaustion requirement is twofold: first, "exhaustion protects administrative agency authority" by giving an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court … and it discourages disregard of the agency's procedures;" second, "exhaustion promotes efficiency," as claims "generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court" and sometimes "claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89, (2006) (citations and internal quotation marks omitted). Further, "even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration." *Id.*

The only exception to exhaustion is when administrative remedies are "unavailable" to an inmate. *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016). There are "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief;" and thus is unavailable. *Id.* at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide relief to aggrieved inmates." *Id.* Second, an administrative process is likewise unavailable when it is "so opaque" that "no ordinary prisoner can discern or navigate it." *Id.* Finally, an inmate need not exhaust administrative remedies when prison officials thwart the inmate's access to the grievance procedure "through machination, misrepresentation, or intimidation." *Id.* at 1860.

"[S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.*

Generally, exhaustion need not be alleged by the plaintiff, but is instead "an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.,* 407 F.3d 674, 681 (4th Cir. 2005). Nonetheless, the fact that exhaustion is an affirmative defense "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." *Id.* In the rare instance when the face of a complaint clearly demonstrates a prisoner's failure to exhaust administrative remedies, *sua sponte* dismissal on that ground is appropriate. *Anderson*, 407 F.3d at 682 (citing *Nasim v. Warden,* 64 F.3d 951 (4th Cir. 1995)). When exhaustion is not clear on the face of the complaint, a district court may still *sua sponte* raise that affirmative defense, but may not dismiss the complaint on that ground without first giving the plaintiff an opportunity to respond. *Id.* at 682-83.

By his own report, Plaintiff has a grievance procedure available at his institution, which he has accessed. However, Plaintiff has not exhausted the available remedies, because he has not yet received a decision on his grievance. At the time Plaintiff submitted the instant complaint, **only three days** had passed from the date of the alleged use of excessive force. Clearly, that time period does not allow a sufficient opportunity for the correctional facility to consider Plaintiff's grievance, or for Plaintiff to progress through all of the steps of the facility's grievance procedure. Consequently, it is unlikely that Plaintiff has exhausted administrative remedies, and he has not demonstrated that such remedies are unavailable to him. As such, a lack of exhaustion may preclude his lawsuit at this time.

In addition, as written, Plaintiff's complaint likely does not state a violation of constitutional law. Plaintiff alleges that Officer Hensley used excessive force when pushing Plaintiff into his cell. The Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). A prison official violates this constitutional mandate when he uses excessive force against a prisoner, *Hudson v. McMillian,* 503 U.S. 1, 4 (1992). To establish a constitutional claim of excessive force, a plaintiff must show that a prison official "inflicted unnecessary and wanton pain and suffering." *Taylor v. McDuffie,* 155 F.3d 479, 483 (4th Cir. 1998) (quoting *Whitley v. Albers,* 475 U.S. 312, 320, (1986)). There is a subjective component to the claim in that the official must have "acted with a sufficiently culpable state of mind." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). Objectively, the injury inflicted on the inmate must be "sufficiently serious." *Id.*

However, the predominate focus is not on the severity of the injury because when prison officials "maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated whether or not significant injury is evident." *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Taylor,* 155 F.3d at 483. "In determining whether [this] constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith

5

effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Orem v. Rephann,* 523 F.3d 442, 446 (4th Cir. 2008) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973)). Accordingly, "[w]hile excessive force does require malicious intent, it does not require that the prisoner victim suffer a 'significant injury.' … [A] prisoner who suffers a minor, but malicious, injury may be able to prevail on an excessive force claim but not on a deliberate indifference claim." *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 98 (4th Cir. 2017).

Nevertheless, the absence of serious injury is not irrelevant to the Eighth Amendment inquiry. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it."). The extent of the injury provides some indication of the amount of force applied. *Wilkins*, 559 U.S. at 37. "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Id.* (quoting *Hudson*, 503 U.S. at 9). "An inmate who complains of a push or a shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Hudson*, 503 U.S. at 9; *see also Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016). In an action brought under § 1983, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation. *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000)). However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury…." *See* 42 U.S.C. § 1997e(e). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the

6

plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted). In summary, in order to state a claim in this case, Plaintiff must demonstrate some *physical* injury and provide some evidence of emotional distress.

Finally, although Plaintiff names Superintendent Wood as a defendant, Plaintiff fails to include any allegations in the complaint that implicate Superintendent Wood. Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. For an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)). In other words, if Superintendent Wood is joined as a defendant simply because of his position at the Jail, then he should be summarily dismissed from the lawsuit.

In light of these governing principles, Plaintiff must amend his complaint as follows to cure the above-stated deficiencies:

1. Plaintiff must demonstrate that he has exhausted his administrative remedies, or that administrative remedies are not "available."

2. Plaintiff must identify the nature of the physical injury, if any, he claims to have suffered as a result of the alleged wrongdoing of each defendant and provide some factual allegations that establish the existence of his reported emotional injuries.

3. Plaintiff must set forth factual allegations explaining how Superintendent Wood personally violated Plaintiff's constitutional rights.

Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.

**Plaintiff is also advised** that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed without prepayment of fees or costs ("*in forma pauperis*"). Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). According to the Court's docket, Plaintiff has filed three *pro se* lawsuits in this Court in the past. In all three, he requested to proceed without prepayment of fees or costs. One of those cases was dismissed for failure to state a claim and may count as one strike under the three strikes rule. If two more cases are dismissed for any of the

reasons listed above, Plaintiff shall be barred from filing *any* other cases *in forma pauperis* unless he is in **imminent** danger of **serious physical injury**. Therefore, Plaintiff may wish to carefully review his complaint herein and determine whether he wishes to proceed with the case at this time. If after considering the issues, Plaintiff wishes to voluntarily dismiss the pending action, he shall file a Motion for Voluntary Dismissal with the Clerk of Court, explaining that he currently does not wish to prosecute the matter.

**Plaintiff is reminded** of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.

The Clerk is directed to mail a copy of this Order to Plaintiff.

**ENTERED:** May 10, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge